MABEL TERWILLIGER, *administratrix of the estate of* F. A.
TERWILLIGER, *deceased.* v. THE GEORGE O. RICH-
ARDSON MACHINE CO.

(Filed September 6, 1905.)

NEGOTIABLE INSTRUMENTS—Defenses to—Parol Evidence. The
George C. Richardson Machine Co. sold one Pease certain thresh-
ing machinery on time payment, receiving as collateral security
the note of one Terwilliger, which was executed and delivered to
said machine company upon the verbal promise of Pease to thresh
grain for him in an amount equal to the value of the note. Pease
failed to thresh Terwilliger's grain, and made default in his pay-
ment to the company: Held, that Terwilliger cannot because of
Pease's default to him escape his liability to the company.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before
James K. Beauchamp, Trial Judge.*

J. A. *Burnette,* for plaintiff in error.

*Chas. L. Purves* and *Chas. C. Yankey,* for defendant in
error.

Opinion of the court by

GILLETTE, J.: This is an action by the defendant in
error to recover from the plaintiff in error upon a prom-
issory note, the action being brought in the district
court of Grant county. The case was tried to the court upon
the following agreed statement of facts:

"It is hereby stipulated and agreed by and between the
plaintiff and defendant that the following shall be considered
by the court as the facts in said case. and judgment shall
be rendered by the court with like effect as if the evidence

in the said case had been submitted to it for its consideration and judgment, jury being waived.

"First: That the plaintiff herein, George O. Richardson Machine Co. is a corporation duly organized and existing under the laws of the state of Missouri, and has complied with the laws of the Territory of Oklahoma governing and concerning foreign corporations.

"Second: That during the year 1902, J. R. Swartzel was the agent of the plaintiff at the city of Caldwell, Kansas, for the purpose of selling threshing machinery and other agricultural implements at the city of Caldwell, and adjacent lahoma Territory.
territory of Sumner county Kansas, and Grant county, Ok-

"Third: That in the spring or early summer of 1902, the said J. R. Swartzel, agent of the plaintiff, sold a complete threshing outfit to one James Pease, and to secure the purchase price of said machinery, and as collateral to the notes of said Pease to the plaintiff, the said James Pease secured notes from various farmers in the vicinity of Caldwell, which were to be paid by such persons to the said Pease when he should do their threshing in the year 1902, among them being the note sued on herein.

"Fourth: At no time was the said F. A. Terwilliger, deceased, indebted to the said J. R. Swartzel or the George O. Richardson Machine Co. in any amount whatsoever, prior to the execution of the note sued on herein.

"Fifth: That the sole and only consideration of the note sued on herein was the promise of James Pease that he would do the threshing for the said F. A. Terwilliger for the season of 1902. That the promise of the said Pease to do this threshing for the said F. A. Terwilliger, was verbal only.

"Sixth: That the farmers' notes, among such notes being the one sued on herein, were procured by the said James Pease and J. R. Swartzel, not only with the knowledge of the plaintiff company, but such procedure was a part of its general requirements and directions.

"Seventh: On or about the 4th day of August, 1902, after having received and started his threshing outfit, the said James Pease abandoned it and left the country, and wholly failed to do the threshing of F. A. Terwilliger for the year 1902.

"Eighth: Immediately after the 4th day of August, 1902, the plaintiff through agent, W. B. Rice and local agent J. R. Swartzel took possession of the said threshing machine, and foreclosed its chattel mortgage on the same, and sold the said machine to Conklin Bros. who continued to operate the said machine during the balance of the season of 1902.

"Ninth: That the notes of James Pease to the plaintiff, to which this note is and was collateral, have never been paid by the said James Pease or any one else for him.

"Tenth: That the said F. A. Terwilliger repeatedly requested and demanded of the plaintiffs, its agents and servants, and of the Conklin Bros., who were operating the said machine, to do his threshing in the season of 1902, but the plaintiffs, its agents, servants and said Conklin Bros, wholly failed, neglected and refused to do the said threshing, and the said F. A. Terwilliger employed another machine and outfit to do said threshing, and paid for the same.

"Eleventh: That the note sued upon herein, was one of the series which the plaintiff required of Pease as collateral security to the notes due from the said Pease to the said plaintiff. While said note was taken in the name of the said J. R. Swartzel, it was in fact intended to be payable to James Pease, and to be as collateral security to the notes of the said James Pease to the plaintiff. The plaintiff, when it accepted the note sued on, knew that the consideration thereof was that Pease should do Terwilliger's threshing in the year 1902.

"Twelfth: That the contract of Pease to do the threshing for those who had made collateral notes was to apply to this note the same as to the other collateral notes given by the

various farmers, and the consideration was that the said Pease was to do the threshing of the said F. A. Terwilliger in the season of 1902.

"Thirteenth :   That in March, 1903, the said F. A. Terwilliger died intestate, and the defendant, the said Mabel Terwilliger, is the duly appointed, qualified and acting administratrix of the estate of the said F. A. Terwilliger, deceased, and that due legal demand has been made by the plaintiff upon the administratrix of the said estate for the allowance and payment of said note, that the same was refused prior to the filing of this suit.

"Fourteenth : . That the said original note is attached hereto and marked Exhibit "A" and made a   part hereof. That the said note or any part of it has never been paid, and if the court shall decide that the defendant herein is liable on the said note, that there is due the sum of 97 dollars to this plaintiff.

"Fifteenth :   That after the execution of the said note and before the maturity thereof, and on or about the 20th day of June, 1902, the said   J. R. Swartzel placed his   written signature upon the back of the said note, and delivered the same to plaintiff herein, and has been the legal holder of the same ever since."

Exhibit "A", attached to said stipulation, is as follows:

"$75.00 Caldwell, Kansas, 5|5, 1902.

"For value received in ——— I promise to pay to J. R. Swartzel, dealer in implements, etc., or order, at Caldwell, Kansas, seventy five dollars, with interest at the rate of eight per cent per annum from maturity.   The title, ownership and right of possession of the said ——— for which this note is given, shall not pass from payee, until this note, including interest, shall have been paid, and the holder may at any time declare this note due, take possession of said ——— and having given ten days' notice of the time and place of sale,

sell the same at public auction and endorse the proceeds, less expenses and costs, on this note.

"Witness ———— 1323      "D. A. TERWILLIGER
"Post office, Caldwell county ———— state Kansas
"Lives ———— miles north,  lives ———— miles east
"Lives ———— miles south,  lives ———— miles west
"Taken by ———— Agent."

Judgment in the court  below for the plaintiff,  the defendant brings the case to this court alleging error.

It is urged by counsel for plaintiffs in error that the consideration for which the note sued on having wholly failed, and the company having received the same with knowledge of what the consideration  was, it was not an  innocent purchaser for value, and was not therefore entitled to recover in this action.   This contention cannot be sustained.   The note sued on was given by Terwilliger without condition expressed in the note.   It was a plain note of hand for value received, due, September 1 after its date, May 5th.   The company demanded security for a time sale of certain threshing machinery sold to Pease, the purchaser, and Pease gave the security demanded, which was in part the note in question.

Terwilliger executed it with full knowledge that it was to be delivered to the company as collateral security for the sale of the machinery about to be made to Pease.   To that extent Terwilliger was a party to and induced the sale.   The company may have known what consideration was moving from Pease to Terwilliger, and that the note was only a promise for a promise.   The company however was not a party to any agreement between Terwilliger and Pease, except to the extent that in consideration of the execution and delivery of Terwilliger's note  as collateral, the  machinery would be

sold to Pease. This consideration was fully carried out by the company, and when carried out Mr. Terwilliger was thereafter liable upon his contract. The company not being actually or impliedly a guarantor that Pease would perform his verbal agreement with Terwilliger, it cannot be held liable for his Pease's failure to perform such agreement. Under the agreed statement of facts in this case, Terwilliger was in effect the guarantor of Pease's contract with the company to the extent of the note in question, in consideration of the sale of the machinery, and cannot because of Pease's default in his promise to him to withdraw from his liability as such guarantor.

The judgment of the court below is affirmed, at the costs of the plaintiff in error.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.