[No. 3367.    March 6, 1930.]

[Rehearing Denied April 12, 1930.]

JONES et al. v. White et al.

[286 Pac. 424.]

Fitzhugh & Fitzhugh, of Clovis, for appellants.

J. B. McGhee, of Roswell, and James A. Hall and A. W. Hockenhull, both of Clovis, for appellees.

OPINION OF THE COURT

WATSON, J.

Appellees, plaintiffs below, recovered judgment against appellants, defendants below, upon a promissory note. It was alleged in the complaint that the note was executed by· one Coats, payable to appellants, and by them, for a valuable consideration, indorsed and delivered to the First National Bank of Clovis, from which bank appellees purchased it for a valuable consideration.

Appellants pleaded by their second amended answer that Coats, the maker of the note, applied to the bank for a loan, offering chattel security; that the loan was essential to prevent sacrifice of Coats' estate; that the bank had already extended credit to Coats up to the legal limit, but was, nevertheless, desirous of arranging the loan in order to protect its previous loans against the loss which would result from a sacrifice of Coats' property; that at the request and for the accommodation of the bank, and upon its representation that the chattel security was ample, and that it would hold them harmless, appellants permitted their names to appear as payees and mortgagees, and, after payment of the amount of the loan by the bank to Coats, did indorse the note in blank, though it was never delivered to them or in their possession, and they had no interest in it; and that appellees acquired the note after maturity and with full knowledge. There was no denial of the allegation that appellants had purchased the note from the bank for a valuable consideration.

Appellees' demurrer to this answer was sustained, and upon the refusal of appellants to plead further, judgment was rendered upon the allegations of the complaint and upon proofs adduced.

█ If appellants had by these allegations made out a case of failure of consideration, as they assume in argument that they have, their defense would perhaps be good as against appellees; they not being holders in due course. Uniform Negotiable Instruments Act, § 28, 1929 Comp. § 27—134. But that is not the principle here involved, as we understand it. The loan to Coats is consideration for appellants' indorsement. German American State Bank v. Watson, 99 Kan. 686, 163 P. 637; Neylon v. Liberty National Bank, 126 Okl. 188, 259 P. 545; First National Bank v. Boxley, 129 Okl. 159, 264 P. 184.

█ The most appellants have shown is that they are accommodation parties. It may be doubted whether the bank is to be deemed the party accommodated. See the decisions just cited. That does not matter, however, in this case. Appellees are not the parties accommodated, and they are holders for value. Uniform Negotiable In-

struments Act, §§ 25, 26, Comp. St. 1929, §§ 27—131, 27—132. Their mere knowledge does not bar recovery. Uniform Negotiable Instruments Act, § 29, Comp. St. 1929, § 27—135. It was so held, perhaps unnecessarily, but upon consideration of the authorities, in First Savings Bank & Trust Co. v. Flournoy, 24 N. M. 256, 171 P. 793.

Another attempted defense was set up in the answer. To it a demurrer was also sustained. We may consider that action as having been proper, since appellants do not attack it.

The judgment should accordingly be affirmed and the cause remanded. It is so ordered.

CATRON and SIMMS, JJ, concur.

BICKLEY, C. J., and PARKER, J., did not participate.