## NEW ENGLAND NAT. BANK & TRUST CO. v. HILLE.

No. 20248.  Opinion Filed Oct. 20, 1931.

Mason, Williams & Lynch, for plaintiff in error.

H. B. Martin, D. Clayton Arnold, and Ferrell Martin, for defendant in error.

RILEY, J. The parties to this appeal will be designated as plaintiff and defendant, as in the trial court.

On January 24, 1925, defendant executed and delivered to the State Bank of Collinsville, Okla., a promissory note in the sum of $2,000. At the same time J. A. Reavis, the president of said bank, gave to defendant a statement in writing as follows:

"J. A. Reavis, President. L. H. Petit, Cashier.

"R. H. Muzzy, Vice-President. G. A. Guenther, Asst. Cashier.

"The State Bank of Collinsville
'The Community Bank"
"Collinsville, Okla.
"Jan. 24, 1925.

"To Whom This May Concern:

"This is to certify Dr. H. L. Hille has this date made note to the above bank for $2,000—as an accommodation note to take care of the Anna Nichols note of $5,000—due January 27, 1925. This note covers debt of the bank's building, and Dr. Hille owes this bank nothing in the matter of this note.

"J. A. Reavis, President."

Whether this note was kept in the bank or discounted does not clearly appear. The note was renewed from time to time each 90 days until about March 30, 1926, when another note in the sum of $2,000, either a renewal of the former note or a renewal of another note in the sum of $2,500, purported to have been signed by defendant and thereafter discounted to plaintiff bank, was executed by defendant to the State Bank of Collinsville and sent by said bank to plaintiff for discount. This note was likewise renewed each 90 days, and in each instance sent to plaintiff for discount until about September 10, 1927. On August 30, 1927, plaintiff sent the $2,000 note which had been discounted by it to the State Bank of Collinsville, with the following letter:

"Kansas City, Mo.
"8-30-27

"State Bank of Collinsville, Okla.

"Gentlemen:—We enclose for collection and returns items as listed below. Please report by number.

"Respectfully,
"William Phares, Cashier.

'No Protest.
"109477  H. L. Hille  $2000.00

"Indorsed J. A. Reavis.
"Due 9-10-27
"Stamped: As customary we will charge this to your account at maturity."

On September 10, 1927, Reavis, explaining to defendant that he desired to reduce some notes, requested defendant to execute to the Bank of Collinsville a negotiable promissory note in the sum of $1,750, due 90 days after date, and also a $250 note which he did, and the $2,000 note that he had theretofore signed was returned to him and destroyed.

This $1,750 note dated September 10, 1927, was sent to plaintiff, along with a letter dated September 8th, which in part reads:

"Am enclosing renewal of Hille note reducing note to $1,750, is the best I am able to do at this time, seems next to impossible to collect more than a very small per cent., if any reduction at all. However, the other bank is paying off 15% which means 40 or 50 M. the 15th—this will be distributed in a way that should ease up things a bit."

About October 3, 1927, the State Bank of Collinsville was closed and its assets were taken over by the State Bank Commissioner. At the maturity of the $1,750 note, plaintiff demanded payment from defendant. Payment was refused and this action was brought on the note. The petition is in the usual form and contains the usual allegations as to purchase in due course as follows:

"That prior to the maturity of said note, and for a good and valuable consideration paid, the plaintiff herein became the owner and holder of said note, and entitled to all the rights and privileges thereunder, by indorsement from the State Bank of Collinsville, Collinsville, Okla., and the plaintiff is now the owner and holder of said note."

Defendant answered by general denial, and further alleged:

"2nd. This answering defendant admits that he signed and delivered the promissory note exhibited in plaintiff's petition as 'Exhibit A' on the 10th day of September, 1927."

He then alleges, in substance, that the note was without consideration and had been obtained by fraud practiced upon him, in that the original $2,000 note was given solely for the accommodation of the State Bank of Collinsville; that at the time of its execution and delivery the State Bank, by its representative, who was thereunto duly authorized, executed and delivered to him the acknowledgment in writing that said note was solely for accommodation and without consideration, setting out a copy of the statement quoted above. He further alleged:

"And defendant says that at the time it was agreed between the defendant and the bank that said note would not be sent out of the bank."

He then alleged, in substance, that the original $2,000 note was discounted by the State Bank of Collinsville to plaintiff in violation of its agreement, and that at its maturity said Bank of Collinsville was plaintiff's agent and falsely represented to defendant that said original note was still held by the State Bank of Collinsville, and thereby induced defendant to execute a renewal thereof, and that the note sued upon

was obtained under the same facts, and that he received no consideration therefor, except the surrender of a former accommodation note, and further alleged:

"This answering defendant further says and avers that except for the representation that the said original obligation of this defendant was still held by the said State Bank of Collinsville, and that the original contract between this answering defendant and the said State Bank of Collinsville of January 24, 1925, assuring this defendant that there was no liability upon said obligation against him, this answering defendant would not have executed and delivered the note declared upon in plaintiff's petition."

Plaintiff demurred to all that part of the answer alleging fraud, want of consideration, etc., as not being sufficient to constitute a defense. The demurrer being overruled, plaintiff by a verified reply denied the allegation of the answer as to the fraud and specifically denied that the State Bank of Collinsville or J. A. Reavis was its agent and alleged that it was without knowledge as to the facts alleged in the answer relative to the execution of the original $2,000 note, and that if such note ever existed, it was in no wise connected with the note in suit.

Upon the issues thus joined, the cause was tried to a jury, resulting in a verdict and judgment for defendant, and plaintiff appeals.

There are some 42 assignments of error, but the principal questions involved are:

(1) Whether the statement in writing given to defendant by the State Bank of Collinsville showing the original note to be an accommodation note was, in the absence of any knowledge concerning same by plaintiff, any defense to the note sued upon.

(2) Whether the alleged oral agreement that the note would not be sent out of the State Bank of Collinsville, and its violation, was proper as a defense and could be shown by parol testimony.

(3) If so, whether there was any competent evidence tending to show that the State Bank of Collinsville was the agent of plaintiff in taking the note sued upon.

As to the first question, defendant, in his brief, states:

"It may be the law, and we are disposed to concede it for the purpose of this case, that the statement of the president of the bank would not constitute a defense in favor of Dr. Hille if he had been sued upon this note. It is not pleaded here as a defense. The defense to this note upon which the

defendant relied and recovered is that it was procured by fraud in the concealment of the material facts in obtaining the note sued on, and not because of the contract in writing made by the bank at the time the original note was obtained."

This is in effect an admission that written statement was not a defense. Under the authorities cited in plaintiff's brief, we are convinced that it was no defense. It follows that the judgment should be reversed on account of instruction No. 13, wherein the court instructed the jury as follows:

"The defendant, Hille, pleads in his answer that he received no consideration for the note sued on in this action, and that he signed said note because of the fact that he held at this time written evidence that the note of which the note sued upon in this case was a renewal, was for accommodation of the State Bank of Collinsville, and without consideration passing to Hille, and that he was led to believe by the representations of the State Bank of Collinsville that the said original obligation represented by renewal notes was held by the State Bank of Collinsville; that such representation was in fact untrue; and that the State Bank of Collinsville had already discounted to plaintiff a note which was a renewal of the original accommodation note given by the defendant, and that the State Bank of Collinsville, in taking the note sued upon in this action, was the agent of the plaintiff, the New England National Bank & Trust Company of Kansas City, Mo.; and you are instructed that if you believe from the evidence that the defendant received no consideration for his original note of $2,000, executed to the State Bank of Collinsville on the 24th day of January, 1925, and that from time to time at the request of the said State Bank of Collinsville and for its convenience, the defendant executed renewals of the original accommodation note, and that afterwards, without the knowledge of the defendant, the State Bank of Collinsville discounted one of these renewal notes to the plaintiff, and that when said note so discounted to the plaintiff fell due, the plaintiff sent said note to the State Bank of Collinsville for collection under circumstances as made the State Bank of Collinsville the agent of the plaintiff, and that the State Bank of Collinsville obtained from the defendant Hille a renewal of said note concealing from him that said note had been indorsed to plaintiff, then your verdict should be for the defendant"

—and for refusal of plaintiff's request for instructions to disregard such statement as a defense.

As to the second question, we believe that if defendant would have been liable to the State Bank of Collinsville had suit been brought on the note by it, defendant would likewise be liable to plaintiff. That is, if the

alleged promise of the State Bank of Collinville not to dispose of the note was not binding on that bank and could not be shown by parol testimony, it would not be binding upon the plaintiff in this action and could not be shown by parol testimony.

The fact that the note in suit had been discounted to plaintiff in violation of that alleged agreement would be no defense for the violation of an oral promise not to do that which the written instrument authorized the bank to do would not be a fraud upon defendant's rights. The note in part reads:

$1750.00
"Collinsville, Okla. Sept. 10, 1927  $1750.00.

"———— Dec. 9th, after date, I, we, or either of us, promise to pay the State Bank of Collinsville, Collinsville, Okla., or order seventeen hundred fifty and no/100__dollars, for value received, with interest at the rate of ten per cent. per annum, from maturity, payable annually at the State Bank of Collinsville, Okla."

There are no other provisions contained in the note which would make it nonnegotiable. By the terms of the written note the State Bank of Collinsville was authorized to dispose of it, for it was made payable to the State Bank of Collinsville or order. Had the words "or order" been omitted, then the written contract would have been that the note was not negotiable. Therefore, a substantial quality of the note was involved in the alleged parol agreement not to transfer. In other words, the provisions of the alleged agreement were repugnant to the terms of the note in that the note as written was negotiable, and taken with the alleged oral agreement, if binding, it would have been nonnegotiable in the hands of the State Bank of Collinsville.

In Gillis v. First Nat. Bk. of Frederick, 147 Okla. 411, 148 P. 994, it was held, by reason of section 942, R. L. 1910 (sec. 5035, C. O. S. 1921), providing that the execution of a written contract, whether the law requires it to be written or not, supersedes all oral negotiations or stipulations concerning its subject-matter which proceeded or accompanied the execution of the instrument, the maker of a negotiable promissory note would not be permitted to show by parol testimony that an agreement was had with the payee or holder of said paper not to enforce payment against the person or persons liable thereon. It was also held that the cashier or president of a bank has no authority to promise a person executing a note to the bank that the maker will not be required to pay the same, and such promise, if made, is not binding upon the bank. It was there held that such an agreement could not be shown by parol testimony, and further held that if made, it would not be binding upon the bank.

The rule there announced has been followed and reaffirmed by this court in many cases. Elling v. Bank of Jefferson, 114 Okla. 147, 244 P. 793; First Natl. Bank v. Boxley, 129 Okla. 159, 264 P. 184; Security Nat. Bank v. Bohnefeld, 131 Okla. 66, 267 P. 631; Allen v. Okla. St. Bk., 133 Okla. 14, 270 P. 838. It is under the rule so well established in the foregoing cases that it must be conceded that the written statement given to defendant was not binding upon the bank and no defense to the action. The same rule in substance was followed in Grant v. First St. Bk., 96 Okla. 245, 221 P. 769.

The latter case is one where the party sought to be held was an indorser, and the promise made was that he would not be held liable on his indorsement, as the only reason the indorsement was requested was for the sole purpose of transferring title. It was held therein that the cashier or president was without authority to make the promise. In the body of the opinion the following is quoted with approval:

"The general rule, found in 4 A. L. R. 772, in the notes, is stated as follows:

" 'The indorser cannot show by parol an agreement that he should indorse the instrument merely to transfer title to the indorsee, and should not incur any liability thereon.'

"The note also contains this statement:

" 'Or that indorser was not to incur any liability or the indorsement was to be without recompense'—citing a long line of cases."

The note referred to uses the word "recourse" instead of "recompense."

If parol evidence is inadmissible to vary or restrict the terms of a written indorsement as indicated by the long list of authorities cited in the note quoted from, the same rule would seem to be applicable to parol evidence seeking to vary the terms of a note negotiable in form to one not negotiable.

In Security Nat. Bk. v. Bohnefield, supra, it is said:

"Every note that is executed and delivered to a bank for money loaned by it becomes a part of its assets, and every depositor has a right to rely upon such note as being a legal, binding and valid obligation upon the maker thereof, and any secret or collusive

agreement made between such maker and the officers of a bank, to the effect that such bank will not hold the maker thereof liable, is invalid, null, and void."

Such agreements are generally condemned as being against the public good, and, therefore, forbidden by public policy. Cedar State Bank v. Olson, 116 Kan. 320, 226 P. 995.

It is likewise against the public good and contrary to public policy to permit officers of a bank, by secret agreements, to restrict notes held as assets of the bank so as to change a note, negotiable in form, to one not negotiable in its hands, and thus destroy their use in the ordinary course of business. If the officers may do this as to one note, they could do it as to all, and thus have all its notes negotiable in form and yet be powerless to discount them when it would be to the advantage of the bank to do so, and when, by reason of unusual demands made upon the bank, it would be in most pressing need of cash.

We hold that the oral promise, if made, would not have been admissible to vary the terms of the note in question in an action by the State Bank of Collinsville against the maker, had suit been brought by it. It was likewise inadmissible against the plaintiff. It was improper for the trial court to permit the defendant, by parol testimony, to vary the plain terms of the note in question. Without this evidence defendant's evidence did not prove a defense.

What we have said makes it unnecessary to consider the question whether there was any competent evidence tending to prove that the State Bank of Collinsville was the agent of plaintiff in taking the note.

The evidence of defendant being wholly insufficient to establish a defense, it was error to overrule the demurrer of plaintiff thereto, and also error to deny its request for an instructed verdict at the close of all the evidence.

The judgment is reversed and the cause remanded, with directions to enter judgment for the plaintiff.

LESTER, C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents to sections 1 and 2 of the syllabus. HEFNER and ANDREWS, JJ., absent.