## HOGUE et al. v. McCLAIN COUNTY NAT. BANK et al.

No. 24295.   July 2, 1935.

Fred Ptak and Howard Davis, for plaintiffs in error.

Glasco & Ballard, for defendants in error.

PER CURIAM. This action was commenced in the district court of McClain county by the McClain County National Bank against S. M. Hogue and Laura J. Hogue for recovery of $625, with interest, alleged to be due upon a promissory note, payable to the order of said bank, made by the defendants S. M. Hogue and Laura J. Hogue. The note was endorsed by E. E. Glasco and Hardin Ballard. They were named as defendants in the petition, but as no summons appears to have been issued or served upon them and no judgment was rendered against them, the defendants S. M. Hogue and Laura J. Hogue will be treated as the sole defendants in the action.

The petition was in the usual form, and, so far as material here, alleged that the note was executed by the defendants S. M. Hogue and Laura J. Hogue "for a valuable consideration to them in hand paid."

The defendants filed an answer, the material parts of which are as follows:

"These defendants admit that they executed and delivered to the plaintiff herein said promissory note on or about the 4th day of June, 1931, but specifically deny that the execution and delivery of said note was for a valuable consideration, to them in hand paid. And these defendants allege and state that they executed and delivered said note to the said plaintiff under the express condition and understanding of these defendants with the said plaintiff and with their codefendants herein, E. E. Glasco and Hardin Ballard, that said note should not be binding and take effect and should not become a valid obligation of these answering defendants until said legal services had been performed by their codefendants herein, E. E. Glasco and Hardin Ballard, which said legal services have never been performed by their said codefendants and said note has never become a valid and binding obligation on these answering defendants, and the consideration for the same has wholly and entirely failed.

"Further answering, these answering defendants state that at and prior to the said 4th day of June, 1931, they had employed their codefendants herein, E. E. Glasco and Hardin Ballard, as attorneys to represent them in certain litigation then pending with one E. F. Stephens and other parties and in said other litigations to be instituted against the said E. F. Stephens and other parties; that at said time it was agreed by and between these answering defendants and their codefendants herein that $625 should be a full and complete fee to be paid to their said codefendants for legal services performed in said litigation and that said fee, or any part thereof, should not be paid and these answering defendants should not become liable to pay the same until said litigation contemplated had been prosecuted to a successful determination. That on said 4th day of June, 1931, the said E. E. Glasco and Hardin Ballard requested these answering defendants to execute a promissory note to the McClain County National Bank in said amount of $625, said note not to become due and payable until said legal services above mentioned had been completed and said actions prosecuted to a successful determination; that on said date these answering defendants and the said E. E. Glasco and Hardin Ballard, went to the McClain County National Bank and the entire matter was explained to John H. Perry, president and managing officer of said plaintiff bank, and the full and complete understanding at that time between the said John H. Perry, as managing officer of the plaintiff bank, and these defendants and their codefendants herein was that said note should be executed by these answering defendants to the said plaintiff herein and that the said plaintiff should hold the same, but that the same should not become a binding obligation and no money should be paid out on the same to the defendants herein until

such time as said legal services above contemplated had been completed and said litigation prosecuted to a successful determination. That with said understanding and under said terms and conditions these answering defendants executed said note and delivered the same to the plaintiff herein to be held under the conditions and agreements above stated.

"That after starting a part of the litigation above mentioned, the said E. E. Glasco and Hardin Ballard abandoned the other litigation which they had agreed to conduct for these answering defendants and refused to proceed further with any of said matters; and that the consideration for said note has therefore failed and the conditions under which said note was to become a valid and existing obligation have never occurred and there is therefore no liability on behalf of these answering defendants."

Upon motion of the plaintiff, the court rendered judgment on the pleadings against the defendants for the amount of the note, with interest and attorneys' fee. From this judgment the defendants have appealed.

For reversal, the plaintiffs in error contend: That the answer effectively denied that the note was given for a valuable consideration; that it alleged delivery of the note upon a condition which was never fulfilled, and that the note never became a binding obligation; and that even though the answer failed to state a defense, the court should have permitted an amendment.

The defendants in error concede that the answer alleged failure of consideration, but contend that that allegation was overcome by other portions of the answer which showed that there was a consideration; that the facts alleged are no defense for the reason that they constitute an oral contradiction of the terms of the note; that as a matter of law the president of the bank had no authority to make the agreement alleged; and, further, that the record does not show any application to amend the answer, or order of the court denying the same.

If the allegations of the answer were sufficient to raise an issue of fact, either as to the want of consideration for the note or as to the conditional delivery thereof, it stated a defense, and it was error for the trial court to sustain the motion for judgment on the pleadings.

The denial of consideration is ineffective, if, as defendants in error contend, the special facts pleaded in the answer show a consideration. White v. Kemper Military School, 132 Okla. 189, 270 P. 31.

Defendants in error argue that the answer affirmatively shows that there was a consideration, but we are not informed what it was. Consideration for a note may be anything that would support a simple contract. Section 11324, O. S. 1931. It is not necessary that the maker receive a benefit. It is sufficient if a benefit is conferred upon a third party, or a detriment is suffered by the payee, at the instance of the maker. Neylon v. Liberty National Bank of Pawhuska, 126 Okla. 188, 259 P. 545. It is not necessary that the consideration should pass from the promisee. The maker's liability to the payee may be supported by a consideration coming from a third person who is not a party to the instrument. 8 C. J. 213. Thus, there would be a consideration for the note in question if the bank or the attorneys suffered a detriment, or if plaintiffs in error received a benefit, at the instance of plaintiffs in error.

As between the original parties to a note, or between the payer and any person not a holder in due course, the consideration for the note may always, in the absence of an estoppel, be inquired into, and a want or failure of consideration constitutes a good defense. Section 11327, O. S. 1931; Oilton State Bank v. Ross, 108 Okla. 24, 234 P. 567; First State Bank of Gowen v. Miller, 118 Okla. 49, 246 P. 591; Lindsay State Bank v. Forbis, 108 Okla. 126, 235 P. 470; First National Bank v. Golden Glow Refining Co., 143 Okla. 299, 288 P. 960. This, the defendants in error concede.

It is equally well settled that a note may be delivered to take effect only upon the happening of a future contingency, and that until such contingency happens no valid obligation is created. Tovera v. Parker, 35 Okla. 74, 128 P. 101; Gamble v. Riley, 39 Okla. 363, 135 P. 390; Yeager v. Jackson, 162 Okla. 207, 19 P. (2d) 970, and cases there cited. Oral proof of such condition is not deemed a contradiction or a variation of the written instrument, but tends to show that it never became operative. Gamble v. Riley, supra; Colonial Jewelry Co. v. Brown, 38 Okla. 44, 131 P. 1077.

In Yeager v. Jackson, supra, in an opinion by Justice Welch, this court said in the syllabus:

"Parol evidence is not admissible to vary the terms of a written contract, but parol evidence may be introduced to prove a separate parol agreement constituting a condition precedent to the taking effect of a written contract."

In the body of the opinion the court quoted approvingly from Gamble v. Riley, supra, as follows:

"It is elementary that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument. But the rule is almost equally well settled that parol evidence may be given to prove the existence of any separate parol agreement constituting a condition precedent to the attaching of any obligation under the written instrument; this is not to vary the terms of a written instrument, but to prove that no contract was ever made; that its obligation never commenced."

Following this quotation the court cited a number of cases to the same effect, and remarked:

"We find no authority to the contrary, and none is cited."

The court continued:

"Plaintiff in error cites many authorities to the effect that the terms of a written instrument may not be changed by parol testimony, but as the foregoing authorities clearly point out, there is a vast difference between the changing of the terms of a written contract by parol, and the showing by parol that the contract was executed or delivered upon a condition resting in parol which is a condition precedent to the contract becoming effective."

Analyzing the allegations of the answer, we find a specific denial of consideration for the note, followed by allegations of the facts and circumstances under which it was given. While the answer is not as clear as it might be, we think it fairly appears therefrom that the defendants had employed E. E. Glasco and Hardin Ballard to prosecute certain litigation, and had agreed to pay therefor the sum of $625 if and when such litigation was successfully concluded, and that if the litigation was not successfully concluded, no sum should be paid for the attorneys' services; that, at the request of said attorneys, they executed the note in question to the bank, and, at the time of executing the same, explained to the president thereof the condition of the employment of said attorneys and had an agreement with said attorneys and with the president of the bank that the note should be executed and delivered to the bank, "but that the same should not become a binding obligation, and no money should be paid out on the same to the defendant herein, until such time as such legal services above contemplated had been completed and said litigation prosecuted to a successful determi nation." (The defendants referred to in the answer included the attorneys.) True, in one portion of the answer it is alleged that the attorneys requested the defendants to execute a promissory note to the bank "not to become due and payable" until the legal services had been completed, but the most that can be said of that is that it is not as complete and full an allegation as is made with respect to the agreement with the president of the bank and the attorneys at the time the note was executed. Moreover, under well-settled principles, the answer must be liberally construed in favor of the pleader.

We are unable to agree with defendants in error in their contention that these allegations overcame the denial of consideration. True, a promise for a promise is a sufficient consideration if intended as such. The promise of the attorneys to conduct the litigation (if they did promise) would have been a sufficient consideration for the note if the parties had so intended, and failure to perform the services would have constituted a failure of consideration and not a want of it. But nothing can be treated as a consideration that is not intended as such by the parties. The existence of some incident which might under certain circumstances be upheld as a consideration is not enough. Fire Ins. Association, Ltd., v. Wickham, 141 U. S. 564, 35 L. Ed. 860, 867. But, according to the answer, the **promise** to perform the services was not accepted as the consideration, for the note was delivered with the agreement that it should not become binding until the litigation had been successfully concluded. The makers were unwilling to rely upon the promise of the attorneys and to deliver the note as a binding obligation. The answer did not show the existence of a consideration. On the contrary, it alleged a conditional delivery under the above authorities.

Defendants in error cite and rely upon the following cases in support of their contention that the allegations of the answer are an attempt to vary the terms of the note by parol, and that the president of the bank was without authority to make the agreement alleged: Terwilliger v. George O. Richardson Mach. Co., 15 Okla. 664, 83 P. 715; Page v. Geiser Mfg. Co., 17 Okla. 110, 87 P. 851; First National Bank of Tulsa v. Boxley, 129 Okla. 159, 264 P. 184; New England National Bank & Trust Company in Kansas City v. Hille, 152 Okla. 185, 4 P. (2d) 42; Neylon v. Liberty National Bank, 126 Okla. 188, 259 P. 545.

These authorities do not bear out the contention. In each of these cases there was a consideration and the note was not delivered conditionally. The Terwilliger and Page Cases involve a failure of consideration and not a want of it. The effect of the other decisions is that, where there is a consideration for the note, a promise by the holder that the maker will not be required to pay the same is deemed an attempted variation of the terms of a written instrument by parol (where the agreement is by parol), and that the president of a bank has no authority to agree with the maker of a note, based upon a consideration, that he will not be required to pay it. Where a note is not supported by a consideration, it is not necessary, in defending a suit thereon, to rely upon an agreeement of the payee that the maker would not be required to pay the note.

In view of our holding, it is not necessary to decide whether failure of the attorneys to conduct the litigation would be a defense to the note to the bank, if it had been delivered unconditionally in consideraton of the attorneys' agreement. Under the Terwilliger and Page Cases it would not be. But those cases were not decided under our present statutes. A solution of that question would depend upon the determination of whether or not the bank is a holder in due course, upon which question the authorities are almost evenly divided. See sections 11327 and 11351, O. S. 1931; 8 C. J. 869.

A motion for judgment on the pleadings is in the nature of a demurrer, has the effect of testing the sufficiency of the pleadings, and admits the truth of all facts well pleaded by the opposite party. Schuber v. McDuffee, 67 Okla. 160, 169 P. 642; Oliphant v. Crane, 70 Okla. 38, 172 P. 1073; Smith v. Moon Buggy Co., 66 Okla. 333, 169 P. 875; Good et al. v. First National Bank of Roff et al., 88 Okla. 110, 211 P. 1051.

The method provided by statute for testing the sufficiency of an answer is by demurrer. Section 197, O. S. 1931. After a demurrer has been sustained, an amendment is permitted as a matter of course. Section 253, O. S. 1931. There is no statutory provision in this state for a judgment on the pleadings. Nevertheless, the practice is well established and serves a valuable function. There is no occasion for a trial, if, under the facts deliberately and fully disclosed by the pleadings, one of the parties is entitled to judgment as a matter of law, and in such case judgment on the pleadings is proper. But a motion for judgment on the pleadings cannot be used in the place of a demurrer and thus deprive the adverse party of the opportunity to amend a defective pleading which he would have if a demurrer were filed and sustained. It is not the policy of the law to foreclose the rights of a litigant by entering judgment upon the pleadings until he has fully developed his case, or has affirmatively shown that he has no cause of action or defense, as the case may be.

Assuming (but not holding) that the burden was on plaintiffs in error to show an application to amend, we think the record sufficient. The minutes of the clerk, incorporated in the case-made, recite: "Request of defendant to amend petition (answer), said request overruled, exceptions allowed." The cases cited hold that recitals in the clerk's minutes of the action of the court do not constitute a judgment or order of the court. But the application to amend is not a judgment or order of the court, and when shown by the case-made is a part of the record, whether the information is derived from the clerk's minutes, stenographer's notes, or from a mere recital in the case-made, or otherwise. 4 C. J. 100. The judgment on the pleadings is a sufficient denial of the application to amend.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

The Supreme Court acknowledges the aid of Attorneys Rayburn L. Foster, A. O. Harrison, and J. D. Talbott in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Foster, and approved by Mr. Harrison and Mr. Talbott, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, and GIBSON, JJ., concur. BAYLESS, J., absent. CORN, J., dissents.