## Mary Doxy v. Exchange Bank of Perry.

(Filed September 5, 1907.)

(92 Pac. 150.)

1. **BILLS AND NOTES—Consideration—Personal Benefit.** Where a benefit is conferred by a third party or a detriment suffered by the payee of a note at the instance of the maker thereof, it will be sufficient consideration to support the note, even though the maker thereof received no personal benefit by reason of the execution and delivery thereof.

2. **SAME—Estoppel—Case.** Where a joint and several promissory note is secured by a chattel mortgage, and a third party signs the note some time after the execution and delivey upon the consideration that the payee or holder will release or waive his mortgage security, which is done, when sued individually on the note, he is estopped from claiming that he signed the note without the knowledge of the original makers.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before Jno. H. Burford, Trial Judge.*

Affirmed.

*J. M. Springer*, for plaintiff in error.

*Bush & Bowers* and *Doyle & Cress*, for defendant in error.

Opinion of the court by

BURWELL, J.:   On December 28, 1901, Miner Doxy and Conna Doxy executed and delivered to A. W. McCandless their joint and several promissory note for two hundred dollars, due six months after date.   This note before April 4, 1902, was transferred and assigned to the Exchange Bank of Perry, Oklahoma. On January 11, 1902, Conna Doxy executed and delivered to the Exchange Bank of Perry his promissory note for fifty-four dollars and seventy-five cents, due six months after date.   On February 1st, 1902, Miner Doxy executed and delivered to the Exchange Bank of Perry his promissory note for thirty-eight dollars and seventy-five cents.   These notes were all secured by chattel mortgages.   The mortgagors removed the property included in the chattel mortgages from the county in violation of law and without the consent of the mortgagee.   On April 4, 1902, the appellant, Mary Doxy, signed each of these notes, as appellee claims, under an agreement that it would waive the mortgage security held by it. The finding of the jury sustains this contention, and the evidence reasonably supports this finding.

It is first contended by the appellant that this is a contract to answer for the debt of another, and that she could not be bound on the note unless she had signed it at the request of the makers, which she denies.   We cannot agree with this view of the law.   It was not necessary that some valuable consideration or benefit flow to Mrs. Mary Doxy for the signing of these notes to make them binding upon her.   The releasing of the property covered by the chattel mortgages which had been executed to secure the payment of the notes, and the benefit that such release would be to her sons, and the surrendering of such security by the bank, was a sufficient consideration for her signature to the notes.   In the case of *Wright v. McKilkrick* (Kan.) 43 Pac. 977, the court of appeals of Kansas, speaking through Mr. Justice Garver, said:   "It is no defense to an action on a promissory note for the maker to say that there was no consideration which was beneficial to him personally; it is sufficient if the consideration was a benefit con-

ferred upon a third person, or a detriment suffered by the promisee, at the instance of the promisor." See also Cyc. vol. 6, page 690, sec. 2.

Many other authorities might be cited upholding this principle, but it is unnecessary, as no one will deny but that the releasing of security for the same debt, the extending of time of payment, or loss to the payee of the note, or the waiving of a legal right by reason of the execution and delivery of the note, is a sufficient consideration. The real test is: Did the payee part with value or waive a legal right by reason of the execution and delivery of the note? If he did, it is a sufficient consideration to authorize a recovery for the amount due thereon. The fact that Mary Doxey signed the notes some time after their execution and delivery is immaterial. When she signed them they became her personal promises, and she will not be permitted to say that the original makers of the notes did not request her to do so, when the bank waived its security under the mortgage by reason of her signature to them. The notes are joint and several, and she is bound, regardless of whether or not the original makers consented to the arrangement between her and the bank. When she signed them they became her promises, and the waiving of the mortgage security was a sufficient consideration.

We have considered all of the questions raised by appellant; but are of the opinion that the judgment of the lower court should be affirmed. It is so ordered, and the costs are taxed to appellant.

Burford, C. J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.