## ST. LOUIS & S. F. R. CO. v. SWEARINGEN *et al.*

### No. 1730. Opinion Filed May 14, 1912.

### (123 Pac. 1122.)

1. **SUNDAY—Contracts—Ratification.** A written contract for the shipment of live stock executed by shippers and a railway company on Sunday will not be held invalid and void where the stock is loaded and shipped under the same, the shippers taking passage by virtue of the terms thereof, and in other ways recognizing it in the course of shipment, delivery, and settlement, which occurred on a week day, but these acts will be held to constitute a ratification or adoption thereof.

2. **PARTNERSHIP—Actions—Publication of Acknowledgment to Certificate.** The failure to publish the acknowledgment to the certificate showing the names of the members of a partnership as provided for in sections 5023 and 5025, Comp. Laws 1909, is not such an omission as will require the dismissal of an action brought by such partners where the certificate filed and publication made are in all other particulars regular.

(Syllabus by the Court.)

*Error from Noble County Court;*
*H. E. St. Clair, Judge.*

Action by C. W. Swearingen and Hayes L. Greenleaf, partners, doing business under the firm name of Swearingen & Co., against the St. Louis & San Francisco Railroad Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*W. F. Evans, R. A. Kleinschmidt,* and *W. H. Cloud,* for plaintiff in error.

*P. W. Cress,* for defendants in error.

DUNN, J. This case presents error from the county court of Noble county. Action was brought by defendants in error for damages alleged to have been occasioned by the railway company in the shipment of certain live stock for plaintiffs. No issue is made in this court that there was either lack of negli-

gence or that the recovery is too great.  To plaintiffs' petition
setting forth facts showing the shipment, the negligence, and
the damages, the defendant filed answer setting up that the ship-
ment was made under a written contract under the terms of
which claims for damages were required to be made by the owner
giving notice of his claim in writing before his stock was re-
moved from the place of destination or mingled with other stock,
and that a failure to comply therewith should be a bar to the
recovery of any and all claims.  Plaintiffs in their reply admit
the signing of the said contract, but allege that the signatures
were secured under duress and by fraud, were without con-
sideration, and that the terms of the same have been waived.

On the trial of the cause evidence was offered by the plain-
tiffs sufficient to establish that the contract was entered into on
Sunday, and the claim is made in this court by counsel for plain-
tiffs that by reason of this fact the provision for notice, the rea-
sonableness and validity of which is not otherwise contested,
was void, and the court, over the objections of the defendant,
instructed, the jury on this theory and refused an instruction
asked by the defendant, in substance that, if the jury should find
the contract between plaintiffs and the defendant was ratified
by any of the acts of plaintiffs on a week day, even though
the same was entered into on Sunday, it was thereby rendered
valid and the parties were bound by the terms thereof.

In the refusal of this latter instruction, in our judgment
the court was in error.  The contract into which the parties
entered was lawful in every particular with the exception of the
time it was executed.  The doing of the things provided for were
lawful and were all acts necessary and essential to the business
affairs and the life of our people, and conceding or assuming,
without deciding, for we need not, that the contract entered into
with the carrier for the shipment of live stock on Sunday was in-
valid, yet the shipment provided for and the service to be ren-
dered under it was expected to and did cover a time when no
objections to its legality existed.  During such time all parties
acted under the contract as if it were valid, and any invalidity

which may have existed because the contract was formally exe-
cuted on Sunday was cured by such subsequent ratification or
adoption of its terms by the parties at a time when they might
lawfully do so.   Such seems to be the force and effect of the
adjudications obtaining in this jurisdiction.   *Helm & Son v.
Briley*, 17 Okla. 314, 87 Pac. 595; *Capps et al. v. Hensley*, 23
Okla. 311, 100 Pac. 515.

That a Sunday contract might be affirmed or ratified
by its subsequent recognition by the parties was held, in a very
satisfactory discussion of this question, by Justice Gillette of the
Supreme Court of the Territory of Oklahoma in the case of
*Helm & Son v. Briley, supra,* which is so pertinent to the case
at bar that no further discussion will be indulged in here.   The
case of *Capps et al. v. Hensley, supra,* was one wherein a contract,
entirely unenforceable and without legal effect at the time of
its execution, was afterwards acted upon as if it were valid, and
this court held as a result thereof that, while the parties had not
technically ratified the previous contract, they had adopted its
terms at a time when they might have lawfully contracted, and
that such adopted contract was valid.   So it is in the case at bar;
the plaintiffs herein drove their stock to the railroad and made
demand on the company for cars within which to ship them to
the Kansas City market.   The company complied with their re-
quest and furnished the cars at the time demanded—Sunday
morning.   The plaintiffs thereupon loaded their stock into these
cars and at that time signed and executed the contracts under
which they were carried and under which plaintiffs themselves
took passage on the train for the market.   The plaintiffs re-
ceived all of the benefits given them under the terms of the con-
tracts, and the earliest time that they tendered issue that they
were void or voidable was when the company insisted that they
comply with their terms in reference to the notice of a claim
for damages.   Such a plea certainly does not appeal very strongly
to a court, and as was said by Justice Gillette in the case above
noted:

"No court ought to refuse its aid to enforce such a contract as exists in this case on any doubtful or uncertain ground."

We have examined the objection made by counsel for defendant to the statutory notice of the partnership of plaintiffs, and in our judgment the same is without merit. The statute (sections 5023 and 5025, Comp. Laws 1909) does not require publication of the acknowledgment to the certificate, and under the proof tendered on this subject, as we view it, plaintiffs were entitled to maintain their cause.

The judgment and order of the trial court denying defendant a new trial is accordingly reversed, and the cause remanded, and a new trial granted.

HAYES, WILLIAMS, and KANE, JJ., concur; TURNER, C. J., absent, and not participating.