## FUE v. PEOPLE'S BANK & TRUST CO.

No. 6259.   Opinion Filed March 28, 1916.

(155 Pac. 683.)

1.   **BILLS AND NOTES—Validity—Consideration.** A benefit conferred up'on a third party or a detriment suffered by the payee of a note at the instance of the maker thereof, is sufficient consideration to support it, even though the maker received no personal benefit by reason of its execution and delivery.

2.   **BANKS AND BANKING—Functions and Dealings—Representation by Officer—Adverse Interest.** The record in this case examined, and it is **held** that the bank is not bound by the acts of L. F. Fue nor by his statements made to plaintiff in error at the time she signed the notes, and the defense offered by her is not available to her, and the action of the trial court in directing a verdict is approved.

(Syllabus by Hooker, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by the People's Bank & Trust Company against Ida Fue and another.   Judgment for plaintiff, and defendant Ida Fue brings error.   Affirmed.

*John H. King* and *Earl Bohannon,* for plaintiff in error.

*G. W. P. Brown* and *R. Emmett Stewart,* for defendant in error.

Opinion by HOOKER, C.   From an examination of the record in this case, it appears that one L. F. Fue, who was the husband of the plaintiff in error, Ida Fue, in 1908 conveyed certain real estate to plaintiff bank and in December, 1909, by an agreement made between the bank and the said L. F. Fue, said real estate was reconveyed to him by the bank for the consideration of $1,500 evi-

denced by the joint note of the plaintiff in error and two others. This note was renewed several times, and the bank instituted a suit upon the note to collect against Ida Fue and two others, but the action was dismissed as to the others on account of their age.

At the conclusion of the evidence the trial court instructed a verdict in favor of the bank and against Ida Fue for the full amount of the note. The plaintiff in error did not deny, nor is it denied anywhere in the record, that the bank conveyed this real estate to L. F. Fue for the consideration of said note, but the sole defense of the plaintiff in error is that L. F. Fue told her when the note was executed that the same was being done for the purpose of securing a deficiency in the bank in order that the bank might stand an examination by the examiner, and that as soon as the examination was made the notes would be returned to her, and it is claimed that no consideration passed to her or the other signers for said note. This evidence does not sustain her defense, as it is perfectly clear that her husband, at the time he made said representations to her, was not acting for the bank, but for himself, and the rule is that where an officer of a bank is individually interested and adversely to the bank, knowledge of those things which he thereby acquires is not to be imputed to the bank, since his interest is best served by concealing the same from the bank.

See *First National Bank v. Foote,* 12 Utah, 157, 42 Pac. 205, wherein that court held:

"No person can act as an agent in regard to a contract in which he has any interest, or in which he is a party on the opposite side to his principal. * * * In the case at bar, Hague, although cashier of the bank, and empowered to represent it, and speak for it, generally in

such transactions, was himself a party to the note on the side opposite to respondent. If it should be held that he represented and spoke for the bank in that transaction, as its agent, he would be permitted to occupy exactly that adverse and inconsistent relation which the law forbids. He had no power or authority to act or speak for the respondent in that matter. He stood upon one side, with his comakers, the appellants, and the bank stood upon the other side."

Also in the *State Bank of Moore v. Forsyth,* 41 Mont. 249, 108 Pac. 914, 28 L. R. A. (N. S.) 501, the defendant, at the request of the cashier of the bank, who was defendant's partner in a real estate business, gave his note to the cashier to be substituted in the assets of the bank for the cashier's note. He was told by the cashier that the bank would not want the cashier's paper, and that it would not look well to the bank examiner, and if he gave the note he would not be called upon to pay it. The court held that the defendant was chargeable with notice of the statute, and that it was the cashier's purpose to violate the law, and that the knowledge possessed by the cashier would not be imputed to the bank. We are therefore of the opinion that the plaintiff in error is not in a position to assert the representations made by her husband to her at the time she signed the note as a defense to this action. As stated before, it is nowhere claimed that L. F. Fue did not receive valuable consideration for this note, and it is absolutely immaterial whether the plaintiff in error or her comakers received any consideration themselves, if, as a matter of fact, L. F. Fue received the consideration therefor, as the rule is stated in *Doxy v. Bank,* 19 Okla. 183, 92 Pac. 150, as follows:

"Where a benefit is conferred by [upon] a third party or a detriment suffered by the payee of a note at the in-

stance of the maker thereof, it will be sufficient consideration to support the note, even though the maker thereof received no personal benefit by reason of the execution and delivery thereof."

That rule is also announced in *Willoughby v. Ball*, 18 Okla. 535, 90 Pac. 1017, and in *Terwilliger v. Richardson Mach. Co.*, 15 Okla. 664, 83 Pac. 715, and in *Page v. Geiser Mfg. Co.*, 17 Okla. 110, 87 Pac. 851.

L. F. Fue procured this note to be executed; he made certain representations to the plaintiff in error, which were untrue in order to induce her to sign the note. The notes were made payable to the bank, and the bank conveyed to L. F. Fue certain real estate as a consideration for the note. The evidence constitutes no defense by Ida Fue to said note.

The judgment is affirmed.

By the Court: It is so ordered.