## HAFFNER v. FIRST NAT. BANK OF SEILING et al.

No. 20354. Opinion Filed Oct. 13, 1931.

I. H. Lookabaugh and S. A. Horton, for plaintiff in error.

A. J. Welch, for defendants in error.

CLARK, V. C. J. This action was commenced in the district court of Dewey county by defendant in error, the First National Bank of Seiling, Okla., as plaintiff below, against plaintiff in error, John F. Haffner, and one Carl Haffner, as defendants below. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged in its petition that on the 12th day of January, 1925, defendants for valuable consideration executed and delivered to plaintiff their note for $328.86, bearing interest from date, providing for 10% as attorney fee if note placed in hands of attorney for collection. Attached copy of said note to its petition. Alleged that the

note and indebtedness therein mentioned is just, due, true, correct, and wholly unpaid. Prayed for judgment for said amounts.

No service was had on Carl Haffner.

Defendant, John F. Haffner, filed answer and cross-petition, by way of general denial; admitted the making, signing, and delivery of the note sued on. Alleged that certain persons therein named owed plaintiff in the year 1921 note secured by chattel mortgage on certain property therein named; that the plaintiff had taken charge of said property and placed the same in possession of defendant to feed, care, and look after until they were sold or disposed of. Alleged that plaintiff employed defendant to assist and help in getting said indebtedness better secured. That pursuant to said employment defendant secured one W. R. Fipps, son of the parties liable on said note and mortgage, to assume said indebtedness and take over said property. That plaintiff was to furnish him a place to keep said property and feed to run them for one year. That plaintiff made a deal for a lease and feed to furnish the said W. R. Fipps to live on and care for said property at an agreed price of $175. That later and sometime in the month of December, 1921, the said Fipps, needing more feed, went to plaintiff and was furnished the same.

That in the contract and oral agreement between plaintiff and defendant, plaintiff agreed to pay defendant all his expenses for trips made and to be made in carrying out of said employment, and allow him one-third of the amount of the note for his trouble; further agreed that defendant was to sign any new paper given by Fipps in assuming said indebtedness, and to stand or appear to stand behind all paper given in connection with said deal until Fipps should get the indebtedness so assumed cut down to where the cattle and other security taken over from plaintiff should seem sufficient to secure and guarantee payment of the balance, so that it would appear and show to be what would be called good bank-'able paper without personal guaranty of defendant, when defendant should be released from further liability to plaintiff on any and all paper taken in connection with said deal, and the amount of expenses and one-third of said note and all other expenses incurred by defendant would become due and payable from plaintiff to defendant.

That on or about the 26th day of October, 1921, said deal was partially consummated by Fipps giving to plaintiff bank his note for $1,184, which note defendant signed as security. That between that date and November 4, 1921, plaintiff made the deal for the lease for $175, and at the request of plaintiff, defendant signed a note for $175 and gave chattel mortgage therefor; and on the 31st day of December, 1921, the said Fipps, needing additional feed, went to plaintiff and gave his note for $110, which defendant signed as security or guarantor, all in accordance with his contract and agreement with plaintiff heretofore set out. That the proceeds of the $175 note and $110 note the plaintiff kept and retained and applied to their own use and benefit.

That the note sued on herein is and was a renewal of those last two notes, and given without any further consideration, and given for the sole benefit of plaintiff; defendant never at any time received any part of proceeds of said renewal note, but same was retained by plaintiff and applied to their or its sole use and benefit, and given for and as accommodation to plaintiff.

That by reason thereof defendant does not owe said note nor any part thereof; that there was no consideration whatever passed from plaintiff to defendant or any one else; and that said note was given for the sole use and benefit and accommodation of plaintiff. That plaintiff kept and retained all proceeds of said two notes and all renewals thereof.

By way of cross-petition defendant alleged that plaintiff by reason of the contract and oral agreement is indebted to defendant in the sum of $200 for trips made by defendant for plaintiff, which became due during the month of July, 1926.

That about July, 1926, the said Fipps paid large sums on said note or indebtedness, and had cut said indebtedness down to a place where the cattle and other security taken over were good and sufficient security, and had gotten to a place where, under the agreement, defendant should be released; and defendant went to plaintiff and requested to be so released, and also released from the note sued on herein, and demanded of plaintiff all sums due him, including caring for and looking after the cattle three or four months until the deal was concluded, and for moving of a house for plaintiff in connection with said deal. That plaintiff, instead of paying defendant, refused to do so, and commenced replevin action for the property given to secure the note sued on herein, which was dismissed at the time this action was commenced. Plaintiff also started criminal prosecution

against defendant for disposing of the mortgaged property.

That plaintiff is indebted thereby to defendant in the sum of $750 with interest from July 1, 1926.

Defendant for a second cause of action alleged that by reason of the acts and doing of the plaintiff, which were therein set out, defendant was damaged in the actual sum of $500.

That by reason of the fraudulent, malicious, oppressive, wrongful, illegal, and unlawful acts of plaintiff in bringing said actions, defendant is entitled to exemplary damages in the sum of $1,000.

Plaintiff filed demurrer to the answer and cross-petition, which was overruled and excepted to by plaintiff.

Plaintiff by way of reply alleged that the allegations of the answer and cross-petition do not state a defense or cause of action against plaintiff; that the matter of defense in the answer and cause of action in the cross-petition are barred by limitations, and in violation of the statute of frauds, and plaintiff is entitled to judgment on the pleadings.

That all matters set out in the answer and cross-petition, except such as are consistent with the petition, are untrue, and in violation of the statute which prevents the contradiction of written instruments by verbal agreements.

That the allegation with reference to the note being given for the purpose of providing means to keep and feed certain cattle under control of Fipps is in direct conflict with the allegations made by defendant with reference to the same note in his petition in cause No. 2236, of defendant herein against plaintiff herein and others pending in this court. That defendant pleaded therein that said note was executed by him on request of T. L. Davis for the use and benefit of Davis, one of defendants therein, to enable said Davis to borrow for his personal use money he claimed he could not borrow from said bank. That defendant is therefore estopped to plead or prove such a state of facts in direct conflict with his former solemn pleading.

That the allegation in said answer with reference to the note sued upon being a renewal of two former notes given by W. R. Fipps to plaintiff is wholly untrue, as the Fipps notes were signed by Fipps and defendant, while the note sued upon is signed by defendant and Carl Haffner.

That the proceeds of the notes were paid over to and used by the makers of said notes. That the Fipps notes are not involved herein. That Fipps is a son-in-law of defendant, and if defendant signed any Fipps notes as security, he did so solely for the purpose of assisting his son-in-law.

That defendant disposed of the mortgaged property given to secure the note sued upon; county attorney issued warrant charging defendant with crime, and upon trial thereof it developed that the property was not sold in this county, but disposed of in Blaine county, and venue not being in this county, the court had no jurisdiction, and the jury was instructed to return verdict of not guilty.

That defendant, upon the theory that he had been acquitted of the crime upon its merits, and upon false allegations that the prosecution was malicious and without probable cause, filed $6,000 damage action against plaintiff. Plaintiff alleges that the entire scheme of defense as set out in the answer and cross-petition is an afterthought, a scheme to lend aid and support to defendant's aforesaid damage case.

Prayed for judgment upon the note as prayed for in the petition.

Upon trial of the cause a jury was selected and sworn, and the trial court held that under the answer the burden was upon the defendant.

Plaintiff interposed objection to the introduction of evidence by defendant for the reasons:

The answer and cross-petition admit the execution of the note and pleads no legal defense.

That the subject-matter of the allegations of defense and in the cross-petition are barred by the statute of limitations, and in violation of the statute of frauds; and in violation of the rule which prevents the contradiction of written instruments by oral evidence.

That the answer and cross-petition show that the note in suit is a renewal note of two former notes, and defendant knew of the facts which he has alleged at the time he signed the renewal note, and waiving any fraud or failure of consideration that might have originally existed, and is estopped to plead or prove such matters against the renewal note.

Defendant's pleadings show that all matters of defense were known to him at the time he signed the notes, and that he knew

that the bank was to furnish the feed and pasture for the cattle at its own expense, and to permit his defense against the note, under the facts pleaded by him, would be against public policy, and be permitting defendant to take advantage of his own wrong by signing and delivering a note to the bank as assets of the bank when he knew that the same was not such assets according to his pleadings, and having participated in the wrong against public policy, he is estopped to take advantage of his wrong by making the defense sought to be made.

Counsel for defendant, in his opening statement, admitted that the escape from the criminal prosecution was partly the failure of the state to prove that the crime had been committed in Dewey county, but did not deny that it had been committed.

The trial court sustained the objection and instructed the jury to return a verdict for plaintiff for amount sued for, and under said instruction the jury returned a verdict for plaintiff, to which defendant excepted. Motion for new trial was filed and overruled. Defendant in open court excepted and gave notice of appeal, and brings the cause here for review.

The first assignment of error presented by the plaintiff in error is:

"The learned trial court erred in sustaining the objection of the defendant in error to the introduction of evidence in support of the answer. For the reason that the answer pleaded a good defense and evidence should have been permitted to be introduced in support thereof."

Section 7694, C. O. S. 1921, provides:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

Section 7699, C. O. S. 1921, provides:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The defendant admitted the execution of the note sued upon, but alleged same given as renewal of two other notes signed by him as security or guarantor. That one Fipps assumed the indebtedness against the cattle which the plaintiff held mortgage upon, and gave new note therefor which defendant

signed, and that plaintiff was to furnish the feed for said cattle for a specified time; that later the maker of said original note needed additional feed for said cattle and the two notes of which the note sued upon was given as renewal thereof was signed by the maker of the original note and the defendant, the plaintiff refusing to accept the maker of the original note alone on said two notes for feed.

The defendant alleged that there was no consideration for his signing said note for the reason he did not receive the benefit thereof, and the two notes of which the note sued upon was a renewal was given for feed which the plaintiff originally had agreed to furnish. Defendant further alleged that he was to be liable on said notes only until the said indebtedness was cut down to where the security should seem sufficient to fully secure and guarantee the payment of said debt and appear and show to be what would be called good bankable paper without the personal guaranty of defendant.

In the case of Neylon v. Liberty Nat. Bank of Pawhuska, 126 Okla. 177, 259 Pac. 545, 1st par. of syllabus, this court held:

"Where a benefit is conferred on a third party, and a detriment is suffered by the payee of a note at the instance of the maker thereof, it will be sufficient consideration to support the notes, even though the maker thereof received no personal benefit by reason of the execution and delivery thereof."

And in the case of Security Nat. Bank of Tulsa v. Bohnefeld, 131 Okla. 66, 267 Pac. 631, in the 3rd par. of syllabus, this court held:

"The officers of a bank have no authority as such to bind the bank by a promise made to a person executing a note to the bank that the maker will not be required to pay the same."

And in the case of First Nat. Bank of Tulsa v. Boxley, 129 Okla. 159, 264 Pac. 184, in the 3rd par. of syllabus, this court held:

"The maker of a note cannot defend an action thereon by showing an oral agreement made at the time of its execution that he should not be held liable, for the reason that this would violate the rule forbidding the contradiction of the terms of a written instrument by parol evidence."

And in the case of Security Nat. Bank of Tulsa v. Bohnefeld, supra, in the 2nd par. of syllabus, this court held with reference to defense of fraud or failure of consideration that same was waived by giving renewal note with knowledge of defense or of facts putting upon inquiry, as follows:

"One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or false representations by the payee or his agent in procuring such note, waives such defense and cannot set it up to defeat a recovery on the renewal note. And where one giving such renewal note either had knowledge of such facts and circumstances or by the exercise of ordinary diligence could have discovered them, and ascertained his rights, it became his duty to make such inquiry and investigation before executing the renewal note, and, if he fails so to do, he is as much bound as if he had actual knowledge thereof."

Which was followed by this court in a late case, Allen v. Oklahoma State Bank of Enid, 133 Okla. 14, 270 Pac. 838.

Under the law as held by this court the first assignment of error of plaintiff in error is not well taken.

The second assignment of error complained of by plaintiff in error is that:

"The learned trial court erred in sustaining the objection to evidence in support of the cross-petition for the reason that the cross-petition stated the cause of action in favor of the plaintiff in error against the bank."

Section 273, C. O. S. 1921, provides:

2. "A statement of any new matter constituting a defense, counterclaim or set-off, or a right to relief concerning the subject of the action, in ordinary and concise language, and without repetition."

3. "When relief is sought, the nature of the relief to which the defendant supposes himself entitled. The defendant may set forth, in his answer, as many grounds of defense, counterclaim, set-off and for relief, as he may have, whether they be such as have been heretofore denominated legal, equitable, or both. Each must be separately stated and numbered, and they must refer, in an intelligible manner, to the causes of action which they are intended to answer."

Section 274, C. O. S. 1921, provides:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of a wrongful attachment or garnishment issued and levied in said action after the same has been set aside. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein. Provided, that either party can plead and prove a set-off or counterclaim of the proper nature, in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such set-off shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his set-off or counterclaim against the liability sought to be enforced against him. Such set-off or counterclaim shall not be barred by the statute of limitations until the claim of the plaintiff is so barred."

The matters and things alleged in the cross-petition of defendant, not arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim or connected with the subject-matter of the action, but arising out of a separate oral contract and agreement, as alleged by defendant, could not be set up in a counterclaim in this action; but the issues therein presented should be determined in separate trial.

For the reasons stated, the second assignment of error is without merit.

From an examination of the record in this case and the authorities cited in the briefs we are of the opinion that the trial court did not commit error in sustaining the objections to the introduction of evidence by the defendant and instructing the jury to return a verdict for the plaintiff, and in overruling the motion for new trial filed therein. The judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.