## LACY v. EDWARDS.

No. 23689.    Feb. 5, 1935.

Young & Lykins and H. W. Broadbent, for plaintiff in error.

Jess L. Pullen and Holmes H. Colbert, for defendant in error.

PER CURIAM. Plaintiff brought suit in the justice court of Murray county against the defendant to recover $125 on a promissory note. From a judgment in favor of plaintiff, defendant appealed to the district court. A verdict and judgment in fa-

vor of the plaintiff was there rendered, and defendant appeals from same. For convenience the parties will be referred to as they appeared in the trial court.

The execution of the note was admitted. The defense to the action was failure of consideration, duress, and material alteration of the note. The contention of counsel in this appeal is that the trial court erred in excluding evidence and in refusing certain requested instructions.

It appears from the record that the defendant agreed to make a campaign contribution to one Jess L. Pullen, State Senator, who was a candidate for the office of Governor. Pullen needed a car for campaign purposes and the defendant agreed to execute a note to make the down payment on the car. Pullen did not wish the note executed in his favor, so the defendant proposed that the note be executed to the Brewer Motor Company. Pullen preferred that the defendant borrow the money from some other person, and the defendant agreed to this arrangement. The plaintiff was selected as the person to lend the money and agreed to make the loan to the defendant. The note in favor of plaintiff was drawn up by Pullen, except that the amount was left blank. The plaintiff inquired of the Brewer Motor Company the amount necessary to procure the car, and was advised that the down payment was $125. The plaintiff then took the note to the defendant, who executed and delivered it. The plaintiff paid the $125 on the car as requested by the defendant. The car was delivered to Pullen and he drove it away. The record is silent as to Pullen's use of the car or of its subsequent disposition. It is presumed that it was used for lawful purposes "of holding public meetings for the purpose of discussing public questions," as set forth in the opinion of Justice Williams in Allen v. Wildman, 38 Okla. 652, 134 P. 1102.

There was some dispute as to the amount inserted in the note. The plaintiff testified that he inserted the sum of $125 in the note in the presence of the defendant after informing him of the amount necessary to get the car and prior to its execution by the defendant. He testified that the defendant signed the note without protest. The defendant testified that he objected to the plaintiff writing in the sum of $125, and that the understanding was "I was to pay $100." He further testified that the plaintiff said, "If you have to pay it, I will pay the difference." The defendant did not testify that he signed the note in blank, or that the amount was inserted after its exe-

cution unless it be inferred from his statement, "I tried to get him to give me the note back." It was undisputed that the down payment on the car was $125, and that plaintiff paid that sum. The accommodated party, Pullen, was not present when the note was executed and delivered.

No serious contention is made on the plea of failure of consideration. A benefit conferred by the promisee on a third person at the request of the maker is sufficient consideration to support a note. Haffner v. First Nat. Bank, 152 Okla. 169, 5 P. (2d) 351.

Counsel contend that the court erred in excluding evidence offered in support of their plea of duress. They offered prior conversations and negotiations between Pullen and the defendant about a pardon and parole matter. It did not appear that the plaintiff was present or participated in the purported conversations or negotiations.

There was no evidence offered or introduced to substantiate the plea of duress. The defendant at the time was under parole from a conviction for manslaughter and was endeavoring to procure a pardon. Counsel for defendant claim that the defendant contributed to the campaign fund of Pullen "with the inference that unless he did so further efforts would be made to prevent the pardon." Nowhere does it appear from the record that the plaintiff had any interest in the parole or pardon of the defendant or the prevention of same. The defendant took the stand. He did not testify that any threats had been made against his person or property either by Pullen or the plaintiff. He did not testify that he was in fear of either of these persons. There did not appear any restraint which overcame the will of the defendant. On the contrary, the testimony of the defendant disclosed that his motive and purpose in executing the note for the benefit of Pullen was the expectation of favors rather than through any fear. The defendant apparently for the same reason made contributions to other campaigns at the same time and supported another candidate for Governor.

Counsel in their brief do not contend that any threats were made against the defendant. They say:

"There was no testimony to any direct threats * * *"

—and again:

"There having been no positive and unequivocal threats made in so many words, the instruction given was equivalent to an instruction to find for the plaintiff. * * *"

Their claim is duress by inference.

"Duress" is defined in section 9414, O. S. 1931, as follows:

"Duress consists in:

"First. Unlawful confinement of the person of the party or of husband or wife of such party, or of an ancestor, descendent, or adopted child or such party, husband or wife.

"Second. Unlawful detention of the property of any such person; or,

"Third. Confinement of such person, lawful in form, but fraudulently obtained, or fraudulently made unjustly, harassing or oppressive."

Under this statute unlawful or fraudulent confinement to family, person or property of the party constitutes duress. This court in its majority opinion, in Samuels Shoe Co. v. Frensley, 151 Okla. 196, 3 P. (2d) 216, extended the rule to include threats against the person. In that case it was held:

"1. Bouvier defined 'Duress' as 'an actual or threatened violence or restraint of a man's person contrary to law to compel him to enter into a contract or to discharge one. It implies a restraint which overcomes the will, and to constitute it, threats must be used.'"

The confinement or threats must be actual and sufficient to produce a state of mind in the victim to deprive him of the exercise of his own free will. To avoid the obligations of a written contract under a plea of duress of the person, the burden of proof is on the obligor to establish that his will was overcome by an actual or threatened violence or restraint of his person by the obligee or with the knowledge and participation of the obligee.

The defendant's plea of duress was not sustained by his own testimony. The tendered testimony, if admitted, was insufficient to sustain the plea, and the trial court did not err in excluding it.

The trial court instructed the jury on the issues of duress and material alteration. No exceptions were taken to these instructions. It is contended that the court erred in refusing defendant's requested instructions on those issues. The instruction given on duress was favorable to the defendant. Having failed to sustain the plea, he was entitled to no instruction on that issue, and it was not error to refuse the requested instruction.

The instruction given on the issue of material alteration used the language of the statute, section 11424, O. S. 1931. It fairly

stated the law. It was not error to refuse the requested instruction.

The judgment of the trial court should therefore be affirmed.

The Supreme Court acknowledges the aid of Attorneys Charles L. Orr, Alfred Stevenson, and R. J. Roberts in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Orr and approved by Mr. Stevenson and Mr. Roberts, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.