### COLE et al. v. ULREY.
### SAME v. THOMAS.

Nos. 28579, 28580.   March 21, 1939.

Rehearing Denied May 16, 1939.

F. B. Dillard, for plaintiffs in error.

Frank Nesbitt and Nelle Nesbitt, for defendants in error.

PER CURIAM. On March 24, 1937, Beatrice Ulrey and Wm. M. Thomas instituted separate actions in the district court of Ottawa county to recover money judgments against C. C. Cole, J. R. Cole, Jr., and Longhorn Mining Company. Beatrice Ulrey sought to recover the principal sum of $800, as evidenced by four promissory notes for $200 each, and Wm. M. Thomas sought to recover the principal sum of $2,500, as evidenced by five promissory notes for $500 each, all of said notes being executed by the respective defendants above named. The defendants admitted the execution and delivery of the notes so declared upon by the respective plaintiffs, but as defenses thereto pleaded fraud and duress in their procurement and failure of consideration. It was admitted that the notes had been executed as a part and parcel of a single transaction, and that the evidence in each case would be substantially the same, and thereupon the causes were consolidated in the lower court for the purposes of trial. The parties waived a jury and tried the causes to the court. The evidence adduced at the trial established substantially the following state of facts: Beatrice Ulrey and her sister, restricted Quapaw Indians, were the owners in fee of a two-thirds interest in a certain allotment in Ottawa county. H. H. Hawkins was the owner of the other one-third interest and also of a departmental lead and zinc lease which covered the interest owned by Beatrice Ulrey and her sister. Effort on the part of the last above-named owners to cancel the mining lease had been unsuccessful. The Longhorn Mining Company had thereupon secured from the lessee, Hawkins, an option to purchase his interest in the land and also an assignment of the mining lease. Upon a tentative promise of departmental approval of said assignment, the defendants entered upon the lease and expended approximately $2,500 in operations thereon. As a result of a protest filed by Beatrice Ulrey and her sister, the Department of the Interior refused to approve the assignment made by Hawkins. The defendants thereupon sought to negotiate with Beatrice Ulrey and her sister. As the result of negotiations had with said parties, the defendants agreed

to obtain an unconditional release from Hawkins of all claims which he had under the original mining lease and to execute a supplemental lease agreement whereby the royalty payments would be increased, and to pay to Beatrice Ulrey the sum of $3,700 in the following manner, to wit: by payment of the sum of $200 in cash and the execution of five notes in the sum of $200 each, payable to the said Beatrice Ulrey, and by the assumption of an indebtedness owing from the said Beatrice Ulrey to Wm. M. Thomas in the sum of $2,500, and for which the defendants were to execute their promissory notes in amounts of $500 each, and in consideration of which the said Beatrice Ulrey and her sister were to withdraw the protest theretofore filed with the Department of the Interior and to assist the defendants in procuring a departmental approval of the assignment which had theretofore been made to them by Hawkins; that pursuant to said agreement the defendants procured and exhibited to Beatrice Ulrey and her attorney, Wm. M. Thomas, what purported to be an absolute release of all of Hawkins' claims under the original mining lease and paid the sum of $200 in cash to the said Beatrice Ulrey and executed to her five notes for $200 each, one of which they subsequently paid, and at the same time executed to Wm. M. Thomas five notes for $500 each and a supplemental lease agreement whereby the royalties payable were increased from 10 to 12½ per cent.; that plaintiffs thereupon withdrew their protest and assisted the defendants in procuring departmental approval of the lease assignment which they had previously acquired from Hawkins; that defendant had a secret agreement, however, with Hawkins, whereby the lease was to be reconveyed to him upon certain conditions. The evidence further shows that the defendants attempted to make a sale of the lease and to interest capital with them in the mining venture, but were unable to do so on account of the requirements of the supplemental lease agreement.

The trial court sustained a demurrer to the evidence of the defendants in the action brought against them by Beatrice Ulrey and gave her judgment in accordance with the prayer of her petition. The court found for the plaintiff on the general issue in the action brought by Wm. M. Thomas against the defendants and rendered judgment in his favor for the full amount prayed for in his petition. Motion of defendants for new trial and supplemental motion for new trial were overruled, and the defendants have appealed each of said causes here, where they have likewise been consolidated for the purposes of briefing and disposition.

The defendants, as grounds for reversal of the aforesaid judgments, urge, in substance: (a) That they executed notes under duress; (b) that the notes provided for payment in contravention of certain express departmental regulations; (c) that the supplemental lease agreement destroys the value of the original lease and of which defendants were assignee and hence constitutes a failure of consideration for the notes; (d) that the lease which had been assigned to defendants by Hawkins could not be altered or changed by the lessors or the Secretary of the Interior without the consent of Hawkins and that the supplemental agreement between the parties rendered the transaction void. We are unable to agree with any of the contentions so made. Section 9412, O. S. 1931, 15 Okla. St. Ann. sec. 53, provides that an apparent consent to a contract is not real or free when obtained by duress, and by section 9414, O. S. 1931, 15 Okla. St. Ann. sec. 55, duress, sufficient to void a contract, is expressly defined. The facts introduced by defendants were wholly insufficient to establish any legal duress. The evidence further shows that all of the notes in controversy were executed in furtherance of a single transaction between the defendants and the plaintiff Beatrice Ulrey, and that the defendants had subsequently paid one of the notes under circumstances which, had there been any duress in the transaction, would have constituted a ratification and affirmance of the transaction by the defendant. Eash v. Pence, 121 Okla. 7, 246 P. 1091; Brummett v. McGowan, 165 Okla. 59, 24 P.2d 980. One who seeks to avoid the obligation of a note under a plea of duress has the burden of showing that his consent thereto was obtained by means which the law defines as constituting duress. Lacy v. Edwards, 170 Okla. 458, 41 P.2d 64.

Section 2077, O. S. 1931, 21 Okla. St. Ann. sec. 1485, cited by defendants, and which makes the obtaining of a signature by extortionate means punishable as a crime, as well as the cases from other jurisdictions which defendants cite, are not in point and have no application to a situation such as is presented in the causes now under consideration. There was no evidence that the notes or any of them were executed under circumstances condemned by the provisions of the statute last above cited.

The next contention of the defendants is based upon a construction which they seek to give to certain departmental regulation relative to payments to restricted Quapaw Indians. This regulation was adopted on May 5, 1934, and reads as follows:

"No bonus, rents, royalties or other payments accruing under any mineral lease, executed in accordance with or subject to these regulations and approved by the Secretary of the Interior, shall be paid direct to the Indian lessor; but all such bonus, rents, royalties or other payments accruing under any such lease shall be paid to the Superintendent for the benefit of the Indian lessor, to be deposited by that officer to the credit of the Superintendent in some bank designated for the deposits of individual Indian's monies."

The evidence, however, fails to show that the notes were given in payment of any bonus, rents, royalties, or other payments accruing under a mineral lease, and under these circumstances the regulation has no application.

The contention of the defendants that the supplemental lease agreement rendered the original lease unmerchantable and unworkable, and hence destroyed the consideration for which the notes were given, ignores the facts. The notes were not given in consideration of the supplemental lease agreement, but, on the contrary, the record shows that the supplemental agreement and the notes were executed in consideration of the forbearance on the part of Beatrice Ulrey and her sister to prosecute their protest then pending before the Department of the Interior. Such forbearance, it has been frequently held, constitutes a sufficient consideration for a contract. See Hudson-Houston Lbr. Co. v. First State Bank, 132 Okla. 125, 269 P. 1054.

The final contention of the defendants, to the effect that the original lease could not be changed by the lessors either with or without the consent of the Secretary of the Interior in the absence of consent thereto by the original lessee, is without merit, since the record shows that as a condition precedent to entering into any agreement with the defendants, the plaintiff Beatrice Ulrey required the defendants to obtain an absolute and unconditional release of all claims of the original lessee, Hawkins, and that the transactions and the instruments on which these actions were based were entered into only after the defendants had assured the plaintiff that they had fully complied with this requirement. It is true that the evidence shows that the

defendants had a secret agreement between themselves and Hawkins whereby the latter had a contingent interest in the lease, but this was not made known to the plaintiffs, and the attempt of the defendants to raise this issue to defeat their liability is in effect an attempt to take advantage of their own wrong. It is fundamental that the courts will not permit such action, and no authority is needed in support of such statement. The record before us presents no prejudicial error in either case; therefore, the respective judgments are affirmed.

BAYLESS, C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur.