## SMITH v. HAWKINS.

No. 29386.   May 21, 1940.

*102 P. 2d 865.*

A. J. Morris, of Anadarko, for plaintiff in error.

Sam L. Wilhite, of Anadarko, for defendant in error.

PER CURIAM. This action was commenced in a justice of peace court of Caddo county by the defendant in error, hereafter referred to as plaintiff, to recover the sum named in a check which plaintiff in error, hereafter referred to as defendant, had executed and delivered to plaintiff and then stopped payment thereon.

The plaintiff had judgment in the justice court, and the defendant appealed the cause to the district court, where she assumed the burden of proof and sought to avoid payment on the ground that the check had been executed under duress, and on the further ground that the contract had been entered into on Sunday.

The evidence of defendant discloses substantially the following state of facts: That plaintiff was in possession of a certain cafe in the city of Anadarko

as a tenant of the defendant; that defendant desired to sell the business and so advised the plaintiff, who agreed to surrender his lease and deliver possession of the premises to the purchaser from the defendant; that defendant brought said purchaser to the premises on Sunday night, and that thereupon the plaintiff stated that he had changed his mind and would not surrender possession unless he was compensated therefor; that after some haggling the defendant agreed to pay the plaintiff the price which he demanded and drew a check in his favor for a part of the compensation required; the plaintiff accepted the check and delivered over the premises to the defendant, and that she has ever since retained such possession and partially complied with the terms of the contract by paying certain utility bills and other expenses agreed by her to be paid. The trial court sustained a demurrer to the evidence of the defendant and entered a judgment in favor of the plaintiff. The defendant has perfected this appeal.

It will be noted from what we have just said that the evidence of defendant, considered in its most favorable light, merely established the fact that plaintiff had taken advantage of the fact that he was in the lawful possession of the property and entitled to retain the same to drive what might be termed a hard bargain, but that after considerable discussion the defendant decided to accept the possession of the premises upon the terms of the plaintiff and executed the check in question and thereafter paid the other items included in the contract and accepted and retained the benefits of the contract.

Section 9412, O. S. 1931, 15 Okla. St. Ann. § 53, provides that an apparent consent to a contract is not real or free when obtained by duress; and section 9414, O. S. 1931, 15 Okla. St. Ann. § 55, defines what constitutes duress sufficient to avoid a contract. The evidence of defendant wholly failed to sustain her plea of duress. One who seeks to avoid the obligations of a bill or note under a plea of duress has the burden of showing that his consent thereto was obtained by means which the law defines as constituting duress. Cole v. Ulrey, 185 Okla. 90, 90 P. 2d 430; Lacy v. Edwards, 170 Okla. 458, 41 P. 2d 64.

The defendant admitted that, although she had stopped payment on the check, she had proceeded to carry out the other portions of her contract with the plaintiff by paying the rent and utility bills which she had agreed to pay as a part of the transaction, and that she had ever since retained the benefits of the contract. In so doing the defendant ratified the entire transaction and brought herself squarely within the rule announced in Helm & Son v. Briley, 17 Okla. 314, 87 P. 595; St. Louis & S. F. R. Co. v. Swearingen & Co., 31 Okla. 785, 123 P. 1122, and cases therein cited.

The record presents no error.

*Judgment affirmed.*

RILEY, OSBORN, HURST, DAVISON, and DANNER, JJ., concur.