## HARRIS v. COOPER.

No. 33948.    Dec. 19, 1950.

*225 P. 2d 820.*

Tolbert & Gillespie, of Hobart, for plaintiff in error.

Percy Hughes, of Hobart, for defendant in error.

LUTTRELL, J. Mrs. M. G. Cooper, as plaintiff, brought this action against Vernon Harris to quiet title and cancel a contract for the sale of real estate placed on record by the defendant, Harris. In her petition she alleged that the contract, entered into on June 9, 1946, between her and the defendant, Harris, for the sale of certain real estate owned by her, was invalid because made and delivered on Sunday, although dated the following day, and that it was disaffirmed by her promptly the following morning. She alleged that regardless of such disaffirmance defendant had placed the contract of record, and that the same was a cloud upon her title.

The defendant answered admitting that the contract was executed on Sunday, but alleging that the real sale of the real estate was made verbally over long distance telephone on Saturday, June 8, 1946, the day before the contract was signed and delivered, and that the written contract did not effect the sale of the real estate, but was simply a memorandum in writing evidencing the oral contract and making the same valid under the statute of frauds. He prayed for specific performance, and by cross-petition asked for damages because of the failure of plaintiff to perform the oral contract.

The trial court sustained the demurrer of plaintiff to defendant's answer and cross-petition, and when defendant elected to stand upon the answer and cross-petition, rendered judgment in favor of plaintiff, holding the written contract void and canceling it of record, and quieting plaintiff's title to the land in controversy as against all claims of defendant. Defendant appeals.

Defendant contends that this court has never expressly decreed that a con-

tract of this nature made on Sunday was void, but that regardless of that fact the contract was valid as a memorandum under the statute of frauds, so that the oral contract which he alleged was made on the preceding Saturday was thereby made valid, and that the oral contract so validated effected the sale of the land. Defendant calls attention to Crudup v. Oklahoma Portland Cement Co., 56 Okla. 786, 156 P. 899, holding that a contract made on Sunday but delivered on a week day was valid, and to the rule announced in 60 C. J. S., §66, a citation which we have been unable to trace. We are unable to agree with this contention.

While our statutes, 21 O.S. 1941 §§907 and 908, which were in force when this transaction was had, do not in terms prohibit the making of private contracts of this nature, it is plain that it was the intention of the Legislature in enacting them to forbid or discourage the transaction of any secular business upon Sunday. While this court has never expressly held such a contract void, the Territorial Supreme Court, in A. Helm & Son v. Briley, 17 Okla. 314, 87 P. 595, held that the sale of a mule by one party to another, where the sale was made and the mule delivered on Sunday, not in a public manner or at a public place, was void and not enforceable, but that such sale could be ratified and made effective by the act of the party asserting its invalidity in making a payment upon a note given for the purchase price of the mule, where such payment was made upon a subsequent week day. This court, in St. Louis & S. F. R. Co. v. Swearingen & Co., 31 Okla. 785, 123 P. 1122, and in Smith v. Hawkins, 187 Okla. 330, 102 P. 2d 865, cited Helm & Son v. Briley, supra, with approval, and followed the rule announced therein to the effect that a business contract or transaction made on Sunday could be ratified by acts done upon a subsequent week day looking to the performance thereof. From these cases

it is clear that this court has consistently viewed business transactions of this nature consummated on Sunday as voidable, and subject either to disaffirmance or ratification by the parties thereto. For, as held in Carlisle v. National Oil & Development Co., 108 Okla. 18, 234 P. 629, a contract which may be ratified or disaffirmed is not void, but voidable.

This being the rule adopted and consistently followed by this court, the written contract, if invalid when made, would be equally invalid as a memorandum under the statute of frauds. By the terms of that statute, 15 O.S. 1941 §136, an oral contract for the sale of real estate is invalid unless a note or memorandum thereof be in writing and signed by the party to be charged. Therefore, since the contract when made orally was invalid under the statute, the making and subscribing of the memorandum by the parties on Sunday was the thing which, under defendant's theory, validated the verbal agreement and made it binding and effective. This would effect the sale of the real estate on Sunday, and would bring such sale within the prohibition of the statutes above referred to, prohibiting transactions of a secular nature upon that day.

In 60 C. J., p. 1105, §67, it is said:

"Although negotations or preliminary transactions have taken place on prior week days, if the actual formation or consummation of the contract is on a Sunday, it is in no better position than if the whole of the transaction were on a Sunday."

In 49 Am. Jur., p. 631, §316, a similar rule is announced. It is there said:

"Where the rule prevails that ordinary business contracts made on Sunday are illegal, it seems that a memorandum of a prior oral contract for the sale of land, if made and delivered on Sunday, would be ineffectual to take the transaction out of the operation of the statute."

Obviously if, as contended by the defendant, the contract was a memorandum which made the verbal contract valid under the statute of frauds, it in effect validated a previously invalid contract, and thus consummated the sale of the real estate. It was therefore a sale or transaction made on Sunday, and was voidable at the election of plaintiff. Defendant does not deny that plaintiff, on Monday morning following the execution and delivery of the contract, specifically disaffirmed its binding force and effect. Nor does he anywhere assert that any act done by plaintiff constituted ratification or recognition of the validity of the contract. It follows that his answer and cross-petition did not state a defense to the action, and the trial court did not err in sustaining plaintiff's demurrer, and in rendering judgment for plaintiff when defendant elected to stand upon his answer and cross-petition.

Affirmed.