**Edna June FARRIS, Plaintiff in Error,**

v.

**T. C. McCOURRY, Defendant in Error.**

No. 38396.

Supreme Court of Oklahoma.

Nov. 3, 1959.

Rehearing Denied Dec. 22, 1959.

798

W. R. Lawrence, Oklahoma City, for plaintiff in error.

Miller, Wilson, Adams & Rogers, by Jack Ewing Wilson, Oklahoma City, for defendant in error.

PER CURIAM.

This action was instituted by T. C. McCourry, plaintiff, against Edna June Farris, defendant, seeking to recover a judgment for $4,614.64 with interest, attorney fees and costs, upon a promissory note executed by the defendant in favor of the plaintiff. The defendant filed answer and cross-petition denying execution of the note and alleging fraud, failure of consideration and asking for actual and exemplary damages of $20,000 for mental and physical suffering, humiliation and impairment of credit by reason of alleged acts of the plaintiff.

After introduction of all the evidence the trial court sustained the motion of plaintiff for a directed verdict for the amount prayed for in his petition and against defendant on her answer and cross-petition. From the directed verdict and judgment thereon the defendant has perfected this appeal. The parties will be referred to as they appeared in the lower court.

The facts as reflected by the record are that one H. T. Larimer, being in need of cash, approached the plaintiff with a proposition to buy two lots from the plaintiff for $5,000, payable $500 in cash and the balance of $4,500 secured by a second mortgage. A first mortgage on the property to another party was to furnish the needed cash to Larimer. The plaintiff was agreeable to this arrangement provided Larimer furnished a responsible person to also sign the note. Larimer produced and the plaintiff agreed to accept the defendant as a co-signer.

The attorney for the party taking the first mortgage discovered a tax lien had been filed against Larimer. Larimer explained the circumstances to defendant and defendant was induced by Larimer to take title to the property and sign the note and second mortgage to plaintiff. The deal was consummated in this fashion in the residence of plaintiff and before a notary public in a nearby business establishment. The plaintiff, defendant and Larimer were all present. The defendant also signed the note and first mortgage to a third party.

Defendant received none of the proceeds from the first mortgage. Larimer defaulted on the payments to plaintiff and this action was filed.

 The alleged errors presented by the defendant may be grouped under two propositions. That there was no consideration for the execution of the note to plaintiff and that the matter should have been submitted to the jury.

We will first consider the alleged absence of consideration for defendant's execution of the note. The uncontroverted evidence is that because of the execution of the note the plaintiff parted with title to a valuable tract of land and conveyed the same to the defendant. Under the facts in this case, the fact that defendant was an accommodation maker and received no personal benefit from the transaction would not render the note without consideration. See Doxy v. Exchange Bank of Perry, 19 Okl. 183, 92 P. 150 and Haffner v. First National Bank of Seiling, 152 Okl. 169, 5 P.2d 351.

The defendant also urges the motion of plaintiff for a directed verdict should not have been sustained and that the matter should have been submitted to the jury for determination. The record reflects that Larimer testified he explained the situation and circumstances to the defendant and that he would make the payments and that she then signed the note. The defendant testified this testimony was substantially correct. The defendant also testified positively that there was no conversation between her and plaintiff, except that he thanked her at the conclusion of the closing of the transaction, and further that she signed the note, read and knew its contents, signed the note voluntarily and without duress, as an accommodation to Larimer. The record does not show that plaintiff in any way persuaded or induced the defendant to sign the note or aided or abetted Larimer, for whose benefit the note was signed.

It is our opinion that plaintiff took the note in good faith for value and was not guilty of any fraud. There was no evidence to support the answer and cross-petition of defendant. Where there is no question of fact raised by the evidence of the defendant that could be properly submitted to a jury, it is not error to direct a verdict for plaintiff. Johnson v. State Bank of Commerce of Gate, 123 Okl. 127, 252 P. 59. The trial court did not err in instructing a verdict for the plaintiff.

Judgment affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in Conference, the foregoing opinion was adopted by the court.