John MAUPIN, Plaintiff in Error,

v.

RALSTON PURINA COMPANY,
Defendant in Error.

No. 40633.

Supreme Court of Oklahoma.

Sept. 22, 1964.

Carloss Wadlington, Ada, for plaintiff in error.

G. M. Fuller, C. Temple Bixler, Fuller, Smith, Mosburg, Davis & Bowen, Oklahoma City, Bob E. Bennett, Ada, for defendant in error.

HALLEY, Vice Chief Justice.

Parties will be referred to as in the trial court.

On May 10, 1960, the defendant gave the plaintiff a note for $4,500.00 which bore interest at the rate of 8% per annum, payable annually and provided for a reasonable attorney's fee if placed in the hands of an attorney for collection. This note was for feed purchased by defendant from plaintiff. Payments were made on the note which reduced the amount due on it to $2,527.85 and interest in the sum of $461.70 to February 1, 1962. Plaintiff sought judgment for this amount with an attorney's fee of $450.00.

The defendant by his answer admitted the execution of the note sued upon but denied owing anything on it for the reasons set up in his counterclaim and cross-petition, wherein he charged that plaintiff induced certain customers of defendant to discontinue the purchase of feeds from defendant and buy from a competitor of the defendant in a neighboring town.

The defendant further charged that the plaintiff through its agents had taken certain mortgages in which the defendant was mortgagee and had entered plaintiff's name as one of the mortgagees, had interfered with the collection of the obligations that mortgages were given to secure and had hampered the defendant in the operation of his feed business and sought to recover $3,500.00 on his cross-petition.

At the threshold of this lawsuit we are met with the problem of whether the defendant may set up his cross-petition or counterclaim. The defendant admits the execution of the note plaintiff sued upon and the correctness of the amount due. His only out here is to establish his right to sustain his cross-petition. The trial court heard the evidence in support of it. We are not impressed with such evidence.

However, we will not pass on the evidence but rather we are of the opinion that the defendant had no right to file the cross-petition or counterclaim. Under 12 O.S. 1961 § 273, the counterclaim must be one existing in favor of the defendant and against the plaintiff between whom a several judgment might be had in that action. It must also arise out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action. There was nothing in the pleadings that showed that the defendant's counterclaim had anything to do with the note that defendant gave the plaintiff.

In Haffner v. First Nat. Bank of Seiling et al., 152 Okl. 169, 5 P.2d 351, we held:

"In an action on a note where defendant in part of answer seeks to set up counterclaim arising out of separate and distinct oral contract, one having no connection with and wholly independent of the contract sued upon by plaintiff, such demands by defendant are not proper counterclaim against plaintiff's action."

While we do not think it pertinent or necessary here, there is no evidence that would tend to show that defendant had the right to a several judgment against the plaintiff arising out of the contract or transaction (here the note) set out in the petition as the foundation of plaintiff's claim. Neither the testimony as to the change in the mortgages nor the interference with the customers show any connection to the note execution.

However these charges be classified, they had to arise either out of the contract or tort. In Board of Education of Town of Ringling et al. v. State ex rel. Benton, Co. Treas., 172 Okl. 437, 46 P.2d 325, we said:

"A demand in tort not reduced to judgment and having no connection with the subject-matter of the plaintiff's action cannot be maintained either as a set-off or a counterclaim against a claim in contract arising from a sepa-

rate and independent contract or transaction."

The note sued on was given before the alleged wrongful acts of plaintiff.

We will not reverse the trial court. He was liberal in leaving the defendant with the right to maintain a second action.

Judgment affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, IRWIN and BERRY, JJ., concur.

JACKSON, J., concurs in result.